IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

SEAN NEVILLE, as Administrator of )
the Estate of JOHN ELLIOTT )
NEVILLE, )
               )
    Plaintiff, )
               )
  v. )  1:21-CV-758
               )
WELLPATH LLC, et al., )
               )
    Defendants. )

## ORDER

This matter is before the Court on the Consent Motion to Approve Settlement filed pursuant to N.C. Gen. Stat. §§ 28A–13–3(a)(15), 28A-13-3(a)(23), 28A–18–2, by Plaintiff and Defendants, Bobby F. Kimbrough, Jr., Sheriff of Forsyth County; Lavette Maria Williams, Lieutenant with the Forsyth County Sheriff's Department; Edward Joseph Roussel, Corporal with the Forsyth County Sheriff's Department; Sarah Elizabeth Poole, Detention Officer with the Forsyth County Sheriff's Department; Christopher Bryan Stamper, Detention Officer with the Forsyth County Sheriff's Department; Antonio Maurice Woodley, Detention Officer with the Forsyth County Sheriff's Department; and Forsyth County (hereinafter "Settling Defendants"). The court held a hearing on the motion on June 23, 2022, at which the Plaintiff, counsel for Plaintiff, and counsel for Settling Defendants appeared.

Based on the matters of record as supplemented in open court, the Court finds for purposes of this motion that:

1.       Plaintiff has been duly appointed as Administrator of the Estate of John Elliott Neville (the "Estate") by the Clerk of Superior Court of Guilford County in File 2020 E 001815, and that this appointment remains in full force and effect;

2.       Plaintiff has made a claim on behalf of the Estate against Settling Defendants and non-settling defendants to recover for the wrongful death of the decedent, John Elliott Neville, in accordance with the provisions of N.C. Gen. Stat. § 28A–18–2. The details of the claims are more fully described in the Complaint.   Doc. 1;

3.       This is a disputed claim, and although the Settling Defendants deny liability and causation they have offered, and Plaintiff has accepted, $3,000,000.00 in order to settle all claims made against these Settling Defendants by the Estate;

4.       This settlement does not affect in any way the claims asserted by the Estate against non-settling defendants, Wellpath LLC and Michelle L. Heughins.  Only the Settling Defendants are parties to the settlement agreement;

5.       The legal beneficiaries of the Estate as determined by the Clerk of Court overseeing the decedent's estate are all adults who have signed a settlement agreement pursuant to N.C. Gen. Stat. § 28A–13–3(a)(23);

6.       Plaintiff and the Settling Defendants seek the Court's approval of this settlement, in view of the possibility that there are beneficiaries of the Estate who have not signed the settlement agreement;

7.       Plaintiff, as the Administrator and acting in the best interest of those persons entitled to receive such damages, has agreed to accept such proposed amount in

2

full settlement of such claim for wrongful death, releasing only these Settling Defendants;

8. Plaintiff and the Settling Defendants have submitted and proposed such settlement to this Court for its consideration and its sanction and approval in order that such settlement may be valid and binding for all purposes and according to law;

9. Plaintiff's counsel have adequately investigated plaintiff's claims and have sufficient information on which to base a recommendation of settlement. The settlement is the product of an arm's length negotiation with a neutral mediator.

10. The settlement is fair and reasonable and in the best interests of the Estate in light of the significant risks of litigation and the nature and extent of damages recoverable, for reasons more fully explored and explained in open court this day.

11. The Administrator of the Estate, Sean Neville, understands that this settlement is final as to the Settling Defendants only and has approved the same.

It is **ORDERED** that the motion to approve partial settlement, Doc. 59, is **GRANTED**. The Plaintiff **SHALL** file a Stipulation of Dismissal of claims against the Settling Defendants within ten days of this Order. Nothing in this Order shall release or affect in any way the Estate's claims against Wellpath LLC or Michelle L. Heughins, or any judgment, or satisfaction of any judgment as to those non-settling defendants.

This the 24th day of June, 2022.

_____
UNITED STATES DISTRICT JUDGE